722 F.2d 432
 Robert JOHNSON and Geraldine Johnson, Appellants,
v.
CITY OF GLENCOE, Gavin Law Office, Gary Ballard, Kerry
Olson, Michael Gavin, County of McLeod,
Glencoe-McLeod Joint Airport Zoning
Board, Edwin Homan, Russell
Bacon and Elfege
Austad, Appellees.
 No. 83-1478.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 14, 1983.
Decided Dec. 14, 1983.
 
 Bassford, Heckt, Lockhart & Mullin, P.A., Jerome C. Briggs, Charles E. Lundberg, Minneapolis, Minn., for appellees City of Glencoe, Gary Ballard, Russell Bacon, and Elfege Austad.
 Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Frederick C. Brown, Bruce D. Malkerson, Thomas J. Radio, Minneapolis, Minn., for appellees County of McLeod and Edwin Homan.
 Dennis D. Daly, Jr., St. Paul, Minn., for appellants.
 Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, Robert and Geraldine Johnson, commenced this action under 42 U.S.C. Sec. 1983 requesting damages for an unconstitutional taking of their property by appellees without payment of just compensation. The district court granted appellees' motion for summary judgment on the basis that under the doctrine of res judicata the prior state court adjudication barred this action. The Johnsons appeal from this order.
 
 
 2
 In 1970, the Johnsons purchased a tract of 15.77 acres of undeveloped land in close proximity to the Glencoe Municipal Airport. The Johnsons had intended to eventually subdivide and sell single family dwellings on this tract of land. In 1973, a zoning ordinance was passed restricting the use of 13.5 of the Johnsons' 15.77 acres. In October of 1978, the Johnsons commenced suit in state court seeking a writ of mandamus to compel eminent domain proceedings on the grounds that the effect of the ordinance as applied to their property constituted a taking without just compensation. In April of 1979, the state court ordered this case removed from its calendar pending the Minnesota Supreme Court's decision in another case which could prove dispositive of the Johnsons' mandamus proceeding. On April 4, 1980, the Minnesota Supreme Court released its decision in McShane v. City of Faribault, 292 N.W.2d 253, 258 (Minn.1980). The court in McShane held that mandamus was not the appropriate remedy. However, the court stated that an injunction was appropriate, and, if the injunction would prove inadequate, damages might be appropriate. The Johnsons obtained consent to amend their state court pleadings to seek the injunctive relief referred to in McShane.[1] The state court entered an order on December 8, 1980, enjoining the enforcement of the zoning ordinance against the Johnsons' property.
 
 
 3
 The Johnsons subsequently commenced a section 1983 action in federal district court alleging that they were denied a full and fair opportunity to litigate their damages claim in the prior state court proceeding because Minnesota law limited their remedy to injunctive relief. The district court ordered that summary judgment be granted because the doctrine of res judicata barred further litigation of this issue.
 
 
 4
 We have listened to the arguments and reviewed the record and the briefs of the parties. We find the decision of the district court to be free from any error of law. Therefore, pursuant to Rule 14 of the rules of this court, we hold that the order of the district court shall be affirmed.
 
 
 
 [1]
 Our reading of the McShane case does not convince us that the Johnsons were precluded from seeking an award of damages